UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES LAMAR HARRIS (#622924)**  CIVIL ACTION

**VERSUS**

**OUR LADY OF THE LAKE**  20-611-JWD-RLB
**REGIONAL MEDICAL CENTER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 22, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES LAMAR HARRIS (#622924)**                                    **CIVIL ACTION**

**VERSUS**
                                                                    **20-611-JWD-RLB**
**OUR LADY OF THE LAKE
REGIONAL MEDICAL CENTER, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary, filed this proceeding pursuant to 42 U.S.C. § 1983 against Our Lady of the Lake Regional Medical Center, "M.D. Physicians" and "N.P. Assistant," complaining that his constitutional rights have been violated due medical negligence. The plaintiff requests monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to

pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that he was transferred to Our Lady of the Lake Regional Medical Center for treatment of a broken finger. Defendant M.D. Physician failed to review the plaintiff's x-rays and instructed defendant N.P. Assistant to suture the plaintiff's finger. Defendant N.P. Assistant sutured the plaintiff's finger which later became infected and healed incorrectly. Due to the deliberate negligence of the defendants, the plaintiff's finger is crooked and will have to be broken and sutured again for the plaintiff to be able to bend this finger.

As noted above, the plaintiff alleges that the defendants were deliberately negligent in failing to reset the bone in his finger prior to suturing the wound closed. To the extent the plaintiff is alleging that the defendants were deliberately indifferent, "[a] prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.' " *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006).

The plaintiff's claim under the Eighth Amendment is actionable in federal court, if at all, under the civil rights statute found at 42 U.S.C. § 1983, which provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law.  To establish liability under § 1983, a civil rights plaintiff must satisfy two elements: (1) state action, *i.e.,* that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights,* 503 U.S. 115, 120 (1992); *Baker v. McCollan,* 443 U.S. 137, 142 (1979).

The plaintiff does not allege that the defendants were state actors.  The Supreme Court has explained that, according to the traditional definition of "acting under color of state law," the defendant in a § 1983 action must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Atkins,* 487 U.S. 42, 49 (1988).   In other words, "the deprivation must be caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the [s]tate or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.,* 457 U.S. 922, 936 (1982).  This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id.* at 937.  The plaintiff does not allege, nor does it appear, that the defendants were acting under color of state law at the time the alleged violation occurred.[1]  As

---

[1] Compare *West v. Atkins,* 487 U.S. 42, 54-57 (1988) (Physician under contract with the state to provide care to inmates deemed to be a state actor.)

such, the plaintiff has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983 .

Alternatively, even if the defendants could be considered state actors, the plaintiff's allegations of negligence and medical malpractice do not meet the deliberate indifference standard. A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

The plaintiff's primary complaint is that the defendants failed to properly treat his condition and committed malpractice. Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Estelle,* 429 U.S. at 107; *see also Harris,* 198 F.3d at 159 (citing *Mendoza v. Lynaugh,* 989 F.2d

191, 195 (5th Cir.1993)).  It is well established that allegations of unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. *Gobert,* 463 F.3d at 347.  Thus, allegations of negligence and medical malpractice will not suffice to demonstrate an Eighth Amendment claim.  *See Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir. 2001); *see also Stewart,* 174 F.3d at 534 ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not.").  The plaintiff's allegations, that he was provided with unsuccessful and negligent medical treatment, are not sufficient to demonstrate deliberate indifference.  *See Domino,* 239 F.3d at 756.  As such, the plaintiff has failed to state a claim upon which relief may be granted.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, that the plaintiff's pending motions be denied, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on October 22, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."